**WO**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Joseph Driscoll, | No. CV-25-08054-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| JEF Investments LLC, et al., | |
| Defendants. | |

Pending before the Court are (1) three motions to dismiss Plaintiff Brian Driscoll's First Amended Complaint ("FAC") (Docs. 9, 26, 29) and (2) Plaintiff's motion to file exhibits in this Court that were previously filed in state court (Doc. 28). The motions to dismiss are granted and Plaintiff's motion to file exhibits is denied as moot.

## I.    BACKGROUND

Plaintiff filed suit in state court against Defendants JEF Investments LLC ("JEF") and its members, Elaina and Martin Chandler (collectively, the "JEF Defendants"); LoanCare, LLC ("LoanCare")[1] and its Chief Executive Officer ("CEO") David Worall (collectively, the "LoanCare Defendants"); and Fidelity National Financial, Inc. ("Fidelity") and its President Abigail Johnson. (*See* Doc. 1-6.) In the FAC, Plaintiff substituted Johnson for Fidelity's CEO, Mike Nolan (collectively, the "Fidelity Defendants"). (*See* Doc. 1-12.)

---

[1]    LoanCare was named in the complaint as LoanCare Account Servicing, LLC (*see* Doc. 1-6 at 2), but LoanCare's corporate disclosure statement provides its correct name (*see* Doc. 10).

Fidelity removed the case to this Court. (Doc. 1.) Since then, the LoanCare Defendants filed a motion to dismiss, which the JEF Defendants and Fidelity Defendants joined. (Doc. 9; *see also* Doc. 26 at 1-2 (Fidelity Defendants' joinder); Doc. 29 at 5 (JEF Defendants' joinder).) That motion is fully briefed. (Doc. 19 (response); Doc. 25 (reply).)

The Fidelity Defendants also filed a motion to dismiss, which the JEF Defendants joined. (Doc. 26; *see also* Doc. 29 at 5 (joinder).) That motion is also fully briefed. (Doc. 30 (response); Doc. 35 (reply).)

The JEF Defendants filed a motion to dismiss as well (Doc. 29), which is fully briefed (Doc. 32 (response); Doc. 34 (reply).) The Fidelity Defendants joined this motion. (Doc. 35 at 2.)

Finally, Plaintiff filed a motion requesting that the Court file several hundred pages of exhibits that he included with his hard copies of the FAC served on the defendants. (*See* Doc. 28 at 1-2.) Defendants have not filed any response opposing Plaintiff's motion.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Issues of standing are properly raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted). Thus, on a motion to dismiss based on lack of standing, the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

### B.    Rule 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move, "prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that an exercise of jurisdiction is proper. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). However, "in the absence of an evidentiary hearing," a plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted). When examining whether there is a prima facie showing of jurisdictional facts, any "uncontroverted allegations in [the complaint] must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (quotation marks and citations omitted); *see also Sher*, 911 F.2d at 1361 (treating plaintiff's allegations as true).

Because Arizona's long-arm statute conforms with the requirements of federal due process, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *See* Ariz. R. Civ. P. 4.2(a); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). To comport with federal due process, the non-resident defendant must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific.

### C.    Rule 8

Rule 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires not only "fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quotation marks and citation omitted). Although Rule 8 does not require detailed factual allegations, "it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 (a "short and plain statement of the claim" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). A complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

A pleading that "says *too much*" can also violate Rule 8(a), *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); thus, "Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quotation marks and citation omitted); *see also id.* at 1058 ("Although normally verbosity or length is not by itself a basis for dismissing a complaint, we have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (quotation marks and citation omitted); *McHenry*, 84 F.3d at 1179 (recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179; *see also Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (noting that Rule 12(b)(6) is read in conjunction with Rule 8(a)).

## III.    DISCUSSION

### A.    Standing

The JEF Defendants argue that Plaintiff's alleged injuries "related . . . to [his] participation in a real estate transaction in . . . Texas, or to rising national interest rates, or

to recent tariffs" are not "fairly traceable to any action taken by the JEF Defendants," so Plaintiff "has no standing to bring them." (Doc. 34 at 3.) Although the JEF Defendants raised this argument for the first time in their reply brief, the Court must still consider it before addressing the merits because the argument implicates the Court's jurisdiction. *See* Fed. R. Civ. P. 12(h)(1), (3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

To establish standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The second element—causation—requires the plaintiff to show that his "injury likely was caused or likely will be caused by the defendant's conduct." *Id.* at 382.

Construing the FAC liberally, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), the Court does not interpret the FAC to be asserting that the source of Plaintiff's injury is rising interest rates or tariffs. (*See* Doc. 1-12 at 34-35.) Rather, the Court interprets the FAC as asserting that his damages continue to be magnified as time passes and he is unable to use his property as collateral due to the JEF Defendants' alleged actions in failing to release the lien on his property. (*See id.* at 7-9, 13.) This is essentially an opportunity cost argument. *Cf. El Paso County v. Trump*, 408 F. Supp. 3d 840, 851 (W.D. Tex. 2019) (stating that an "economic injury stem[ming] from the loss of a non-illusory opportunity to obtain a benefit" constitutes an injury in fact for purposes of Article III standing). Whether or not Plaintiff would be entitled to such relief on the merits is not properly before the Court; at this stage, Plaintiff has sufficient Article III standing to pursue these injuries because the JEF Defendants' alleged actions are at least part of the "chain connecting the defendant's unlawful conduct to the plaintiff's injury," and the connection is not too tenuous to destroy causation. *See Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014) ("Causation may be found even if there are multiple links in the chain connecting the defendant's unlawful conduct to the plaintiff's injury, and there's no requirement that the defendant's conduct comprise the last link in the chain."); *Sywula v. Teleport Mobility,*

*Inc.*, 652 F. Supp. 3d 1195, 1222 (S.D. Cal. 2023) ("In this Circuit, a plaintiff 'need not eliminate any other contributing causes' beyond the defendant's purportedly wrongful conduct 'to establish [his or her] standing.' Indeed, 'other factors may also cause' the injury-in-fact upon which a plaintiff predicates his or her standing, but if 'the link between the [defendant's challenged action] and [the alleged injury] is not tenuous or abstract,' those extraneous factors do not break the causal connection." (alterations in original) (citation omitted) (quoting *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 901 (9th Cir. 2011))).

### B.    Personal Jurisdiction

The Fidelity Defendants argue that Nolan, Fidelity's CEO, is not subject to personal jurisdiction in Arizona. (Doc. 26 at 6-8.)[2] They note that, as alleged in the FAC, Nolan lives and was served in Florida. (*Id.* at 7-8.) In response, Plaintiff argues that his written communications to Fidelity and Nolan "are more than minimum contacts" and, "regardless of [his] address, Plaintiff has direct claims against him and [Fidelity] because he and his company do[] direct business in Arizona" and received communications from Plaintiff. (Doc. 30 at 3, 5-6.) Plaintiff also points to an instance in which he communicated with a "legal representative[]" for the Fidelity Defendants. (*Id.* at 9.) Plaintiff's attached exhibits indicates that this representative was Claims Counsel at either Fidelity or Chicago Title Insurance Company. (*See id.* at 31-32, 43.) The Fidelity Defendants argue in reply that a "CEO cannot be subject to personal jurisdiction in every state in which his employer does business." (Doc. 35 at 3.)

Plaintiff has not met his burden of establishing that personal jurisdiction exists over Nolan. It is undisputed that Nolan lives in Florida and was served in Florida (Doc. 1-12 at 5; Doc. 26 at 7-8), and Plaintiff does not argue that Nolan is subject to general jurisdiction in Arizona. But Plaintiff's theory of Nolan's supposed minimum contacts is insufficient to establish specific jurisdiction. The mere fact that Fidelity does business in Arizona does

---

[2]    Personal jurisdiction is also a threshold issue that generally must be addressed before proceeding to the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007); *Sandpiper Vill. Condo. Ass'n v. La.-Pac. Corp.*, 428 F.3d 831, 840 n.12 (9th Cir. 2005).

not necessarily mean that its CEO is subject to personal jurisdiction as a result. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (stating that defendant employees' "contacts with [the forum state] are not to be judged according to their employer's activities there"). Instead, "[e]ach defendant's contacts with the forum State must be assessed individually." *Id.*

Assessing Nolan's alleged contacts individually, none of them passes muster. The supposed minimum contacts—receiving communications from and communicating with Plaintiff through a representative—are not based on Nolan's own actions, which is necessary to establish specific jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum State." (quotation marks omitted)). But even if Nolan himself initiated communications with Plaintiff, this alone does not create sufficient minimum contacts for personal jurisdiction. *See, e.g.*, *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) ("Ordinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." (citation modified)); *Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1248 (9th Cir. 1984) ("The mere fact that [the defendant] communicated with [the plaintiff] in the state . . . does not show that [the defendant] purposefully availed itself of the privilege of conducting business in [the forum state]."). Minimum contacts must arise from Nolan's contacts with Arizona itself, not with Plaintiff. *Walden*, 571 U.S. at 285 (stating the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" and "the plaintiff cannot be the only link between the defendant and the forum") (quotation marks omitted)); *id.* at 286 ("[A] defendant's relationship with a plaintiff . . . standing alone, is an insufficient basis for jurisdiction. Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." (citation omitted)).

Because Plaintiff has not made "a prima facie showing of jurisdictional facts," *Sher*, 911 F.2d at 1361, due process requires that Nolan be dismissed as a party. *See Walden*, 571

U.S. at 284 ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.").[3]

### C.    Rule 8

All defendants argue that the FAC should be dismissed under Rule 8 because it is "indecipherable" (Doc. 9 at 1); "lengthy, confusing, [and] convoluted" (Doc. 26 at 2); and "difficult to follow" (Doc. 29 at 2). They further argue that the FAC "fails to distinguish among the allegations that are asserted against multiple defendants, and instead lumps the defendants together as an impermissible group pleading" and, "juxtaposed with [his] citation to nearly sixty statutes and regulations, many with no explanation at all," such that the FAC does not provide the defendants adequate notice of the claims against each defendant to adequately defend themselves. (Doc. 9 at 3-4; *see also* Doc. 26 at 4-5; Doc. 29 at 5-6.) Plaintiff appears to concede that he "inadvertently labeled 'all defendants' where [he] believed as appropriate instead of naming each of them and everyone . . . individually." (Doc. 19 at 11; *see also* Doc. 32 at 1.)

The Court agrees that Plaintiff should be required to amend the FAC to make it conform to Rule 8's requirement of a short and plain statement. Fed. R. Civ. P. 8(a)(2). The FAC, upon the Court's review, is "needlessly long, . . . highly repetitive, . . . confused, [and] consist[s] of incomprehensible rambling." *Cafasso*, 637 F.3d at 1059. The FAC largely lacks a discernible structure and logical order, and it does not delineate each claim Plaintiff intends to bring and against which defendant(s), violating

---

[3]     It is unclear whether the Court must assess the possibility of leave to amend in connection with a motion to dismiss under Rule 12(b)(2). *See Wilke v. Pacheco*, No. 1:23-cv-00134-BLW, 2023 WL 5614908, at *4 n.1 (D. Idaho Aug. 30, 2023) ("Where, as here, the motion to dismiss is based on a lack of personal jurisdiction under the auspices of Rule 12(b)(2), there is no guidance from the Circuit that the plaintiff should be granted leave to amend. Presumably, that is because an amended complaint cannot cure a plaintiff's failure to make a prima facie factual showing that the Court has personal jurisdiction over the defendants."); *see also Bobuliski v. Dickson*, No. CV 24-02600-MWF (JPRx), 2025 WL 863462, at *15 (C.D. Cal. Feb. 20, 2025) ("When granting a motion to dismiss for lack of personal jurisdiction, courts differ in their approach to awarding leave to amend."). To the extent such an analysis is required, the Court finds amendment would be futile and denies leave to amend because Plaintiff does not suggest any other facts that could subject Nolan to personal jurisdiction in Arizona. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend is properly denied if amendment would be futile).

Rule 8. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025) ("A collectively pleaded complaint may fail to provide fair notice to a defendant, where there are multiple defendants and claims, and the complaint fails to differentiate among them."). For example, Plaintiff asserts that "all defendants committed gross negligence and intentional misconduct throughout this case," but then proceeds to only expressly describe actions taken by LoanCare and JEF. (*See* Doc. 1-12 at 9-13.) In another instance, Plaintiff claims Fidelity violated certain Arizona statutes but does not explain how Fidelity violated them. (*See id.* at 21.) In yet another instance, Plaintiff alleges "[o]ther nonconformance with statutes and contract terms by all Defendants" and proceeds to cite several federal and state statutes without explaining the factual basis for how each defendant is alleged to have violated them. (*See id.* at 26 (emphasis omitted); *see also id.* at 33-34.)

From the Court's review of the complaint, it appears that Plaintiff has a long history with at least some of the defendants and was caught up in trying to explain the context of his claims that the claims themselves are buried in old grievances and tangents. (*See* Doc. 19 at 2 (stating that "even the FAC had limited space to tell the full story").) It also appears that Plaintiff's goal was to mention as many statutes and regulations as he could to survive a motion to dismiss, in other words, to throw everything at the wall to see what sticks. (*See id.* (arguing that the complaint "cites enough federal and state statutes to support claims and asks the court for relief").) Both are problems that must be remedied in a new complaint. *See McHenry*, 84 F.3d at 1177 (disapproving of complaint that "consist[ed] largely of immaterial background information"); *Austin v. County of Alameda*, No. C-15-0942 EMC, 2015 WL 3833239, at *9 (N.D. Cal. June 19, 2015) (noting that Rule 8(a)(2) "requires that any complaint must contain a *short* and *plain* statement of the case" and "litigants are not well served by throwing all possible allegations and legal terms into a complaint in an effort to see what will stick").

In the Second Amended Complaint, Plaintiff must clearly set out each claim he asserts and must indicate which defendant(s) he believes is liable for that claim and why. *See* Fed. R. Civ. P. 8(d)(1) ("Each allegation [in a pleading] must be simple, concise, and

direct."); *McHenry*, 84 F.3d at 1177 (approving a sample complaint that "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). This is important both so that Defendants can understand the basis of Plaintiff's claims to defend against them and so that the Court can understand the basis of Plaintiff's claims to rule on the parties' motions and manage the direction of the litigation. *See Cafasso*, 637 F.3d at 1059 (noting that nonconforming complaints "burden [the plaintiff's] adversary with the onerous task of combing through a . . . pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated"); *McHenry*, 84 F.3d at 1179 (recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges"); *Maiman v. Talbott*, No. SACV 09-0012 AG (ANx), 2010 WL 11484000, at *5 (C.D. Cal. Feb. 8, 2010) ("Defendants should not be forced to piece together different parts of the Complaint to determine what Plaintiffs might be saying."). Plaintiff is warned that the Court will not do his work for him in matching up his factual allegations with the statutes and regulations he believes Defendants have violated. *See Allen v. Tewalt*, No. 1:20-cv-00287-DCN, 2020 WL 5961094, at *5 (D. Idaho Oct. 7, 2020) ("Plaintiff cannot state a large number of allegations and then list a large number of constitutional provisions and expect the Court to match them up.").

### D.    Plaintiff's Motion to File Exhibits

Plaintiff filed a motion requesting that hundreds of pages of exhibits be filed in federal court that were previously filed in state court. (Doc. 28 at 1-2.) He claims that these exhibits are referenced in his complaint. (*See id.* at 4; *see also* Doc. 1-12 at 40-55 (including with the FAC a table of seventy-six exhibits that Plaintiff requested the Court "take[] judicial notice of").) With his motion, however, these documents were filed in the public docket. (*See* Docs. 28-1, 28-2, 28-3, 28-4.) The motion is thus denied as moot, as it is unclear what additional relief Plaintiff seeks.

That said, the hundreds of pages of exhibits Plaintiff seeks to attach to his FAC are another example of Plaintiff's noncompliance with Rule 8. (*See* Doc. 1-12 at 7 (citing

Exhibit #22 in support of allegation "Jef Investments LLC by and through the Chandlers failed to abide by nearly all contract terms"); *id.* (citing several exhibits of unclear relevance beyond background information).) Plaintiff is warned that the Court will not sift through hundreds of pages of documents to attempt to discern the factual basis for his claims in connection with his Second Amended Complaint. *See Scott v. Hill*, No. 3:24-cv-2400-WQH-MSB, 2025 WL 1507159, at *3 (S.D. Cal. May 27, 2025) ("A plaintiff may refer to and attach exhibits as necessary to support factual allegations contained in his Complaint; however, the Court is not obligated to sift through  multiple exhibits to find a factual basis for Plaintiff's individual claims."). Instead, Plaintiff "must set forth his allegations within the body of the complaint and not expect the court to ferret through more than two hundred pages of exhibits to frame his claims for him"; merely "attaching a plethora of exhibits" does not "provide substance to his claims." *Willis v. Folsom State Prison Med. Staff*, No. CIV S-10-1631 MCE GGH P, 2010 WL 3258339, at *2 (E.D. Cal. Aug. 17, 2010); *see also Sanchez v. Prison*, No. 3:18-cv-00373-MMD-WGC, 2019 WL 13250087, at *3 (D. Nev. May 29, 2019) ("Plaintiff is advised that he may not simply attach exhibits to the amended complaint in the hopes that the Court will spend time looking through them to try to guess which facts he is relying upon to try and state a claim. The Court will not do that. Rather, in the amended complaint, for each claim, Plaintiff must *allege* the particular facts he is relying upon to state a claim against each defendant." (footnote omitted)).

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** granting Defendants' motions to dismiss (Docs. 9, 26, 29) and dismissing the FAC.

**IT IS FURTHER ORDERED** that Defendant Mike Nolan is dismissed from this action for lack of personal jurisdiction. The Clerk of Court is directed to terminate Defendant Nolan as a party.

. . . .

1    **IT IS FURTHER ORDERED** that Plaintiff must file a Second Amended
2    Complaint within **30 days** of this Order.

3    **IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended
4    Complaint, the Clerk of Court is directed to terminate this action without further notice.

5    **IT IS FINALLY ORDERED** denying as moot Plaintiff's request to file certain
6    exhibits in this Court (Doc. 28).

7    Dated this 8th day of December, 2025.

8

9

10    Michael T. Liburdi
11    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28