**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Joseph Driscoll, | No. CV-25-08054-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| JEF Investments LLC, et al., | |
| Defendants. | |

**I.**

On December 8, 2025, the Court dismissed Plaintiff Brian Joseph Driscoll's First Amended Complaint. (Doc. 36.) The Court ordered Plaintiff to file a Second Amended Complaint no later than January 7, 2026. (*Id.*) Five days after that deadline, Plaintiff filed a motion for extension of time to file his amended complaint. (Doc. 37.) The Court granted Plaintiff leave to file his amended complaint no later than February 8, 2026. (Doc. 38.) To date, Plaintiff has not filed an amended complaint.

**II.**

When a party fails to comply with a court order or local rule, the Court has inherent authority under Federal Rule of Civil Procedure 41(b) to dismiss the action for lack of prosecution. *Link v. Wabash Ry.*, 370 U.S. 626, 629-30 (1962). The Court must weigh the following factors before dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

### III.

The first and second factors favor dismissal. The present case was removed to this Court on March 13, 2025—over eleven months ago—and this case has yet to leave the pleading stage. (Doc. 1.) Further, the Court ordered Plaintiff to file an amended complaint, granting him more time than allotted under the Local Rules, to no avail. (Doc. 36, 38.) The public's interest in expeditious resolution of litigation and the Court's need to manage its docket counsel in favor of dismissal. *See Woods v. City of Scottsdale*, No. CV 11-02488-PHX-JAT, 2013 WL 5446528, at *2 (D. Ariz. Sept. 30, 2013) (finding the first two *Henderson* factors support dismissal when the plaintiff failed to respond even after the Court granted him "considerable latitude" to file late).

The third factor—"the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423—also weighs in favor of dismissal. Defendants have diligently litigated this case and have filed several motions to dismiss (Docs. 9, 26, 29). Forcing Defendant to incur unnecessary expenses and defend a lawsuit that Plaintiff has failed to advance would be prejudicial. *See Hoover v. Swift Transp. Co.*, No. CV-18-03314-PHX-JAT, 2020 WL 2084583, at *2 (D. Ariz. Apr. 30, 2020) (explaining that the third *Henderson* factor supports dismissal if the court were to require the defendant to press on with litigation "in the face of [] uncertain participation from its opponent"), *aff'd*, No. 20-16088, 2021 WL 5276016 (9th Cir. Nov. 12, 2021).

The fourth factor generally weighs against dismissal given the strong policy preference for resolving cases on their merits. A dismissal without prejudice, however, would not offend public policy because Plaintiff could pursue adjudication of the merits of his claims at a later date. *See Garcia*, 2014 WL 922909, at *2 (recognizing that a dismissal

without prejudice means the fourth *Henderson* factor "neither favors nor disfavors dismissal").

Finally, the "availability of other alternatives" factor supports dismissal where the Court gives the plaintiff an additional opportunity to comply with the rules and warns about the consequences of noncompliance, as happened here. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that the court properly considered less drastic alternatives when it gave the plaintiff an additional thirty days to cure his complaint). Further, dismissing the case without prejudice means that Plaintiff can refile a complaint asserting the same claims. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). This is a less drastic sanction than a dismissal with prejudice and therefore supports dismissal of this action.

On balance, the *Henderson* factors tilt in favor of dismissing this action. Therefore, the Court will dismiss this case for lack of prosecution.

**IT IS THEREFORE ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 24th day of February, 2026.

Michael T. Liburdi
United States District Judge

- 3 -